# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

ANITA BROWN,                               :

    Plaintiff,                          :

                                     Case No. 3:14cv00451

vs.                                        :

                                       District Judge Thomas M. Rose

CAROLYN W. COLVIN,                         :       Chief Magistrate Judge Sharon L. Ovington
Commissioner of the Social
Security Administration,                   :

    Defendant.                          :

## REPORT AND RECOMMENDATIONS[1]

       This previously dismissed social security case returns to this Court while it is pending in the United States Court of Appeals for the Sixth Circuit.[2]  The case is presently pending here on Defendant's Unopposed Rule 62.1(a)(3) Motion For Indicative Ruling On A Motion For Relief That Is Barred By A Pending Appeal.  (Doc. #19).  Defendant asks this Court to indicate whether it is inclined to grant relief from its March 2, 2016 judgment entry, in the event the Sixth Circuit remands the case for that purpose.  The March 2, 2016 judgment entry documented this Court's decision to affirm the decision of the Administrative Law Judge (ALJ) denying Plaintiff's applications for Disability Insurance Benefits and

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

[2] *Anita Brown v. Commissioner of Social Security*, App. No. 16-3373, is in the briefing stage.

Supplemental Security Income.  *See* Doc. #s 13-16.

Plaintiff's presently pending appeal in the Sixth Circuit deprives this Court of jurisdiction over issues involved in his appeal.  *See Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) and citing *United States v. Garcia–Robles*, 562 F.3d 763, 767–68 (6th Cir. 2009)).  This Court, however, may take certain steps towards reviving its jurisdiction in limited circumstances.  These steps arise under Fed. R. Civ. P. 62.1, which provides in pertinent part:

> (a) **Relief Pending Appeal.**  If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> > (1)   ...
> >
> > (2)    ...
> >
> > (3)   state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

An indicative ruling is warranted under Rule 62.1(a)(3) because Defendant now agrees, for the first time in this case, that a remand of this matter to the Social Security Administration is warranted pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. #19, *PageID*#s 1215-16).  Although Defendant does not specify the reason or reasons why a remand is warranted, Plaintiff does not oppose Defendant's motion.  *Id*. at 1216.  The Commissioner, moreover, normally opposes a high percent of requests for remand, at least in this District.  Given this and the lack of a present dispute in this Court, confidence is nearly

2

absolute that, in the event the Court of Appeals remands this case, a Motion for Relief from the judgment would be granted and a remand for further administrative proceedings would be warranted under sentence four of 42 U.S.C. §405(g).

It should be noted that Defendant has identified particular proceedings that will occur in the event the case is remanded to the Social Security Administration – specifically, "the ALJ will re-evaluate appellant's Social Security disability benefits application under the rules and regulations, including evaluation limitations indicated in the opinion evidence from treating and reviewing physicians and psychologists." (Doc. #19, *PageID*# 1216).  A judicial order requiring such administrative proceedings on remand would be well within the confines of sentence four of §405(g).

Accordingly,  Defendant's Unopposed Motion For Indicative Ruling is well taken.

## IT IS THEREFORE RECOMMENDED THAT:

1.   Defendant's Unopposed Rule 62.1(a)(3) Motion For Indicative Ruling On A Motion For Relief That Is Barred By A Pending Appeal (Doc. #19) be GRANTED; and

2.   The Court issue an Order indicating "that it is inclined to grant relief from its March 2, 2016 judgment entry should the court of appeals remand for that purpose." (Doc. #9, *PageID*#1219).


June 21, 2016

s/Sharon L. Ovington
Sharon L. Ovington
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).